# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**MICHAEL D. BENSON,**

    **Plaintiff,**

    **v.**                                   **CASE NO. 18-3237-SAC**

**STATE OF KANSAS, et al.,**

    **Defendants.**

## ORDER

Plaintiff filed this *pro se* civil rights case under 42 U.S.C. § 1983. Plaintiff filed a motion for leave to proceed *in forma pauperis*. (Doc. 4.) On September 20, 2018, the Court entered a Notice of Deficiency (Doc. 6) granting Plaintiff until October 22, 2018, to provide the financial information required to support his motion for leave to proceed in forma pauperis. *See* 18 U.S.C. § 1915(a)(2). Plaintiff has not provided the financial information by the deadline. The Court's order was mailed to Plaintiff at his current address of record and was returned as undeliverable, with a notation that Plaintiff was no longer at the facility. (Doc. 7.) On October 30, 2018, the Court entered an Order to Show Cause (Doc. 8) granting Plaintiff until November 16, 2018, in which to show good cause why this action should not be dismissed without prejudice for failure to comply with Court orders. The Court's Order to Show Cause was mailed to Plaintiff at his current address of record and was returned as undeliverable, with a notation that Plaintiff was no longer at the facility. (Doc. 9.)

The Court's Local Rules provide that "[e]ach attorney or pro se party must notify the clerk in writing of any change of address or telephone number. Any notice mailed to the last

1

address of record of an attorney or pro se party is sufficient notice." D. Kan. Rule 5.1(c)(3). Plaintiff has failed to provide the Court with a Notice of Change of Address.

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'" *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)." *Young*, 316 F. App'x at 771–72 (citations omitted).

Plaintiff has failed to provide the Court with a Notice of Change of Address, failed to provide the financial information by the deadline, and failed to file a response to the Court's Order to Show Cause within the allowed time.

**IT IS THEREFORE ORDERED THAT** this matter is dismissed without prejudice under Fed. R. Civ. P. 41(b).

**IT IS FURTHER ORDERED THAT** Plaintiff's motion for leave to proceed in forma pauperis (Doc. 4) and motion for immediate discovery (Doc. 5) are **denied.**

**IT IS SO ORDERED**.

**Dated on this 20th day of November, 2018, in Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
**SAM A. CROW**
**U. S. Senior District Judge**