# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**MICHAEL D. BENSON,**

    **Plaintiff,**

    v.                                                                **CASE NO. 18-3237-SAC**

**STATE OF KANSAS,**
**et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is detained at the Shawnee County Jail in Topeka, Kansas. The Court granted Plaintiff leave to proceed *in forma pauperis*. Plaintiff's allegations in his Complaint involve his state criminal proceedings. Plaintiff alleges that documents were falsified and he was charged in retaliation for filing a civil rights action in this Court in Case No. 18-3178-SAC. Plaintiff alleges that his civil rights were violated on August 2, 2018,[1] when he was denied due process, received ineffective assistance of counsel, and was selectively and vindictively prosecuted in Case No. 18-cr-1447 in Shawnee County, Kansas. Plaintiff names as defendants the State of Kansas and (fnu) (lnu) District Attorney.

Plaintiff's civil rights Case No. 18-3178-SAC was filed in this Court on July 25, 2018. *See Benson v. Topeka Police Dep't*, Case No. 18-3178-SAC (Kansas District Court). An online Kansas District Court Records Search indicates that Case No. 18-cr-1447 was filed in Shawnee County on June 12, 2018, prior to the filing of Plaintiff's civil rights case. On August 2, 2018, Plaintiff pleaded nolo contendere to Interference with LEO, obstruct/resist/oppose misdemeanor

---

[1] Case No. 18-cr-1447 was filed on June 12, 2018, and was disposed of on August 2, 2018, when Plaintiff entered his plea.

1

warrant service or execution, and was placed on twelve months of supervised probation. *See State v. Benson*, Case No. 18-cr-1447 (Shawnee County District Court). Plaintiff's probation was subsequently revoked for violations of his conditions of probation. *Id.* Plaintiff's state criminal case charging him with Aggravated Domestic Battery, Attempted Aggravated Assault, Criminal Possession of Weapon by a Felon, Interference with LEO, Criminal Threat, and Use/Possess With Intent to Use Drug Paraphernalia, is still pending. *See State v. Benson*, Case No. 18-cr-1359 (Shawnee County District Court). Plaintiff pleaded guilty to several of the charges and sentencing is scheduled for July 26, 2019. *Id.*[2]

On June 21, 2019, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 17) ("MOSC"), granting Plaintiff until July 19, 2019, in which to show good cause why his Complaint should not be dismissed. In the MOSC, the Court found that the State of Kansas and its agencies are absolutely immune from suits for money damages under the Eleventh Amendment. The Eleventh Amendment presents a jurisdictional bar to suits against a state and "arms of the state" unless the state waives its immunity. *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) (quoting *Wagoner Cnty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009)). Therefore, in the absence of some consent, a suit in which an agent or department of the state is named as a defendant is "proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

The Court also found in the MOSC that Plaintiff's claims against the District Attorney fail on the ground of prosecutorial immunity. Prosecutors are absolutely immune from liability for damages in actions asserted against them for actions taken "in initiating a prosecution and in

---

[2] Plaintiff has another case pending based on charges of Aggravated Domestic Battery and Domestic Battery, with a pretrial hearing scheduled for June 28, 2019. *See State v. Benson*, Case No. 19-cr-524 (Shawnee County District Court).

presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Plaintiff's claims concerning his criminal case fall squarely within the prosecutorial function.

The Court also found that to the extent Plaintiff challenges the validity of any sentence or conviction in his state court criminal cases, his federal claim must be presented in habeas corpus. "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*" *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added). When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement. *Heck,* 512 U.S. at 482; *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief); *see* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of available state court remedies). "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see Woodford v. Ngo*, 548 U.S. 81, 92 (2006); *Rose v. Lundy*, 455 U.S. 509, 518–19 (1982); Therefore, any claim challenging his state sentence is not cognizable in a § 1983 action.

Likewise, before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477 (1994). If Plaintiff has been convicted and a judgment on Plaintiff's claim in this case would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck*. In *Heck v.*

*Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 487 (1994). In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order. *Id*. at 486–87. Plaintiff has not alleged that his conviction or sentence has been invalidated.

Plaintiff has failed to respond to the MOSC by the deadline, and the Court finds that this case should be dismissed for failure to state a claim as set forth in the MOSC.

**IT IS THEREFORE ORDERED THAT** this case is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 26th day of July, 2019.**

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**